SAMUEL P. WOOD, and ELIZABETH ANN WOOD, his Wife *vs.* JOHN CONREY, Guardian of WILLIAM J. PRYOR.

*Construction of a Will—Limitation over in Case of Marriage.*

A testator, after the devise in fee of certain portions of his real estate, devised certain other portions of his real estate, to his daughter E. A. P., widow of J. P., "so long as she remains a widow; also all the furniture and fixtures of which I am now possessed, in the

notel in which I now live, (with the exception of the furniture and fixtures contained in room number six, in said hotel,) to have and to hold the same furniture and fixtures to her own use and behoof forever; but if the said Elizabeth should, at any time after my decease, get married, then it is my will that all the gifts and bequests *herein* named and granted to her, with the exception of the hotel furniture aforementioned, shall go to my grandson W. J. P., the son of the said E." He then adds, but should it so happen, that the said E. should survive and outlive the said W., "then it is my will and desire, that all the bequests and gifts *hereinbefore* granted to her, shall revert back to the said E., her heirs, executors, administrators and assigns, to her and their use and benefit forever." The testator then devised to his housekeeper E. R., certain real estate for life, and the furniture and fixtures in said room number six, in the hotel absolutely, and then devised to his grandson the said W. J. P., the reversion in the real estate which he had given to the said E. R. for life. By a residuary clause, the testator directed that all the rest and residue of his estate should be equally divided between his daughter E. A. P., and his grandson W. J. P. The testator's daughter E. A. P., after his death, married a second time. On appeal from an order of the Orphans' Court, distributing the personal estate of the testator, it was HELD:

1st. That the furniture and fixtures in the hotel, were not affected by the limitation over in case of marriage.

2nd. That those in room number six were given to E. R. absolutely, and the others were expressly excepted from that limitation, and were given to the daughter E. A. P., for her own use and behoof forever.

3rd. That the limitation over in case of the marriage of the daughter applied only to the gifts or devises of the several parcels of real estate devised to her.

4th. That the whole scheme of the will was to give all the testator's personal property to the several legatees thereof absolutely, and to make the devises of real estate to his daughter, alone, subject to the limitation over.

APPEAL from the Orphans' Court of Cecil County.

The case is stated in the opinion of the Court.

The cause was submitted to ALVEY, C. J., YELLOTT, STONE, MILLER, IRVING, and RITCHIE, J.

*Robert C. Thackery,* for the appellants.

*L. M. Haines,* and *W. J. Jones,* for the appellee.

MILLER, J., delivered the opinion of the Court.

This appeal is from an order of the Orphans' Court, distributing the personal estate of a testator under his will. The case has been submitted upon the briefs of counsel without oral argument.

The record shows that John Conrey, the executor of Firman Layman, filed a petition in the Orphans' Court, stating that he had in hand $262.60, which, with all other property in his hands for distribution, he was anxious to distribute under the Court's order, and prayed the Court to appoint, (as provided in the Code, Art. 93, sec. 143,) a day for the meeting of the legatees, and to provide for distribution and payment of said sum, and all other sums of money and properties in his hands for distribution as aforesaid. The Court accordingly appointed a day, and directed notice to be served upon the parties interested, including the appellants, and afterwards passed the order appealed from, directing the whole of the residue remaining in the petitioner's hands, less the costs of these proceedings, to be distributed to William J. Pryor, a minor, named in the will, and to be paid to his guardian.

By his will, the testator disposed of all his estate, real, personal and mixed, after payment of his debts and funeral expenses, as follows :

1st. He devised certain portions of his real estate, in fee, to Matilda Layman, wife of Philip C. Layman, his son James G. Layman, and Sarah Vaughn, wife of James Vaughn, respectively.

2nd. He then devised several other portions of his real estate, which are particularly described, to his daughter,

Wood *vs.* Conrey.

Elizabeth Ann Pryor, widow of James Pryor, "so long as she remains a widow ; also all the furniture and fixtures, of which I am now possessed, in the hotel in which I now live, (with the exception of the furniture and fixtures contained in room number six in said hotel,) to have and to hold the same furniture and fixtures to her own use and behoof forever ; but if the said Elizabeth should, at any time after my decease, get married, then it is my will that all the gifts and bequests *herein* named, and granted to her, with the exception of the hotel furniture aforementioned, shall go to my grandson, William J. Pryor, the son of the said Elizabeth," and he then adds, but should it so happen that the said Elizabeth should survive and outlive the said William, "then it is my will and desire that all the bequests and gifts *hereinbefore* granted to her, shall revert back to the said Elizabeth, her heirs, executors, administrators and assigns, to her and their use and benefit forever."

3rd. He then devises to his housekeeper, Eliza Ross, certain real estate for life, and the furniture and fixtures in said room number six in the hotel, absolutely, and then devises to his grandson, the said William J. Pryor, the reversion in the real estate which he had given to the said Eliza Ross for life.

4th. Then by a residuary clause he directs that all the rest and residue of his estate shall be equally divided between his daughter Elizabeth Ann Pryor, and his grandson William J. Pryor.

It is admitted that the said Elizabeth was legally married to Samuel P. Wood in October, 1883, after the death of the testator, and probate of his will, and that her said husband is still living.

With regard to the furniture and fixtures in the hotel, we think it quite clear upon a fair construction of the will, that they are not affected by the limitation over in case of marriage. Those in room number six are beyond

35          v. 62.

question given to Eliza Ross absolutely, and the others, as we read the will, are expressly excepted from that limitation, and are given to the daughter, Elizabeth Ann Pryor, for her own use and behoof forever. The question then is, does this limitation extend to the residuary clause, and if it does, is that limitation valid? And this, as we gather from the briefs of counsel on both sides, is the real controversy in the case.

Looking at the whole will, we are of opinion that the limitation over in case of the marriage of the daughter, applies only to the gifts or devises of the several parcels of real estate given to her. These the will says she shall have "so long as she remains a widow." Then the furniture is given to her absolutely, and it is then added, that if she marries again, "all the gifts and bequests *herein* granted to" her, except that of the furniture, shall go to her son. Now it is no strained or unnatural construction of the term "herein" to confine it to the gifts and bequests contained in that particular clause of the will, and we see no reason, and know of no canon of interpretation which would compel us to give it a broader construction, and make it apply to a gift subsequently made in the residuary clause. On the contrary, thus to confine it, is in strict harmony with other provisions of this instrument. The immediately following clause, which provides for a reverter to the daughter in case she should survive her son, is expressly confined to the gifts and bequests "*hereinbefore* granted" to her, and it is conceded, as it must be, that this term restrains the operation of that clause to the *preceding* gifts or devises. It seems to us that if it was his intention that all the gifts to his daughter, including that in the residuary clause, should go to her son in case she married, and then that *some* of them only should revert to her in case she survived her son, he would have used clear language to express that intent, and not have left it to depend upon the ambiguous term "herein,"

thus used in a preceding part of his will. When he was framing the last and residuary clause, he would naturally have provided in express terms, that the bequest there given to his daughter, should be subject to this condition, if such was his intention. There is not only no such express provision, but the whole scheme of his will, as it appears to us, was to give all his personal property to the several legatees thereof absolutely, and to make the devises of real estate to his daughter alone subject to the limitation over.

Such is our construction of this will, and it follows that the order appealed from must be reversed, and the cause remanded, in order that distribution of the money and personal effects, if any, in the hands of the executor may be made accordingly.

This dispenses with the necessity of deciding whether the condition attached to these devises of real estate is valid or not. That question must be raised in a different forum. The Orphans' Court has nothing to do with the realty, and we should be stepping aside from the line of our duty, if we now undertook in this case to express any opinion upon that subject.

*Order reversed, and<br>cause remanded.*

(Decided 5th December, 1884.)